**FILED**
**Oct 31, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **RASHELLE NIGMATYANOV,** | ) | |
| **Employee,** | ) | **Docket No. 2018-06-2320** |
| | ) | |
| **v.** | ) | **State File No. 67955-2018** |
| | ) | |
| **LOWE'S HOME CENTERS, INC.,** | ) | **Judge Joshua D. Baker** |
| **Employer.** | ) | |

## EXPEDITED HEARING ORDER

The Court convened an expedited hearing on October 29, 2019, to consider whether Ms. Nigmatyanov is entitled to medical treatment and reimbursement of past medical expenses for her right-shoulder injury. For the reasons below, the Court finds her request premature and denies her relief at this time.

## Claim History

In a previous order, the Court granted Ms. Nigmatyanov a panel of orthopedists to evaluate and treat her right-shoulder if the panel physician determined her condition was causally-related to her employment. At this hearing, Ms. Nigmatyanov asked for ongoing medical treatment and reimbursement of medical expenses she incurred for treatment before the Court's prior order for a panel. She testified that Lowe's provided the panel in accordance with the order, she chose a doctor, and he evaluated her on October 16.[1] She did not testify that Lowe's had denied her medical benefits since the Court's previous order.

---

[1] She filed the record for that visit on October 21, and Lowe's objected to its admissibility on the ground that it was untimely filed under Tenn. Comp. Rule & Reg. 0800-02-21-16(2)(a). The Court sustained Lowe's objection.

## Findings of Fact and Conclusions of Law

To prevail at this expedited hearing, Ms. Nigmatyanov must provide sufficient evidence that she would prevail at a hearing on the merits. Here, she claimed Lowe's wrongfully denied her treatment and asked the Court to order Lowe's provide it. Regarding her request for reimbursement of expenses, she must establish that they were reasonable and necessary. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *Miller v. Logan's Roadhouse, Inc., et al.*, 2018 TN Wrk. App. Bd. LEXIS 59, at *12-13 (Nov. 15, 2018). The Court holds Ms. Nigmatyanov failed to provide sufficient proof on both issues.

The Workers' Compensation Law requires an employer to provide injured workers "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An authorized physician's treatment recommendations are presumed reasonable and necessary. *Id*. at 50-6-204(a)(3)(H). An employer risks being required to pay for unauthorized treatment if it does not provide treatment made reasonably necessary by the work injury. *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Ms. Nigmatyanov presented no expert medical proof linking her prior treatment to her workplace accident. Therefore, any decision concerning reimbursement of past medical expenses would be premature. Further, as Ms. Nigmatyanov admitted Lowe's provided her a panel and scheduled an appointment, the Court has no reason to order Lowe's to provide treatment at this time. Consequently, the Court denies Ms. Nigmatyanov's requests at this time.

It is **ORDERED** as follows:

1. Ms. Nigmatyanov's request for additional medical treatment or reimbursement of medical expenses is denied at this time.

2. This case is set for a status conference on **January 27, 2020, at 9:00 a.m. (CST).** The parties must call 615-741-2113 to participate in the hearing. Failure to call might result in a determination of issues without the party's participation.

**ENTERED OCTOBER 31, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

2

# APPENDIX

Exhibits:
1. Medical Records
2. Rule 72 Declaration of Ms. Nigmatyanov
3. Medical Bills

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing filed September 10, 2019
4. Request for Expedited Hearing filed February 22, 2019
5. Employer's Response to Employee's Request for Expedited Hearing
6. Employee's Notice of Filing of Medical Records
7. Employee's Motion to Compel Exam
8. Employer's Response to Employee's Motion to Compel Exam
9. Expedited Hearing Order
10. Notice of Filing of Employee's Choice of Physician
11. Employee's Motion to Continue
12. Order Granting Continuance
13. Employer's Motion to Continue
14. Order Granting Continuance
15. Employee's Motion to Compel
16. Employer's Exhibit List
17. Order Granting Motion to Compel
18. Employer's Motion to Alter or Amend Order Compelling Discovery
19. Employee's Exhibit List
20. Employee's Response to Employer's Motion to Alter or Amend Order

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 31, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Rashelle Nigmatyanov, Employee | | | X | Shelme2222@gmail.com |
| Carolina Martin, Employer's Attorney | | | X | Carolina.martin@leitnerfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed        To Whom

_____    _____

_____    _____

_____    _____

_____    _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                      RDA 11082